UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| C.W., as Next Friend of § | | |
| C.W., a Minor, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| SCOTT ASH JAMES ZIRUS, § | | SA-10-CV-1044 OG (NN) |
| CAMP STEWART FOR BOYS, INC., § | | |
| AMERICAN INSTITUTE FOR FOREIGN § | | |
| STUDY, INC., d/b/a CAMP AMERICA, § | | |
| § | | |
| Defendants. § | | |

## ORDER DENYING REQUEST TO RECONSIDER (DOCKET ENTRY 39)

The matter before the Court is defendant Scott Ash James Zirus's motion to reconsider the order denying his earlier motion for appointment of counsel (docket entry 39).

As an initial matter I note that defendant did not serve counsel for all parties with a copy of this motion or with other motions which he has filed. Defendant Zirus is advised that he is obligated under both the Federal Rules of Civil Procedure and this Court's Local Rules to send a copy of all pleadings, motions or other documents he submits to the Clerk of this Court for filing to plaintiff and other defendants or, after an attorney has made an appearance for a party, the party's counsel of record herein. The Court may disregard any pleading, motion, or other document submitted for filing by defendant Zirus that fails to contain a "certificate of service" stating the date and method (e.g., hand delivery, certified mail or regular mail) by which the defendant sent a copy of that pleading, motion or document to the other parties or the parties' counsel of record. Once an attorney makes an appearance on behalf of a party, the defendant

must send that party's copy of any pleading, motion, or document submitted for filing by defendant to the party's attorney.  All parties must be served with any document filed with the Court.

Defendant is also advised that Rule CV-7(d) of this Court's Local Court Rules provides that a party opposing a motion must file a response to the motion within eleven (11) days after a copy of the motion is served upon that party.  A failure by that party to file such a timely response may be construed by the Court as a lack of opposition to the motion and result in the Court granting the motion.  Furthermore, defendant is advised that, pursuant to Rule 8(b)(6), Fed.R.Civ.P., averments in a pleading or motion to which a responsive pleading is required are admitted when not denied in the responsive pleading.  Therefore, in the event that a party files a motion which defendant opposes, defendant must file a response or opposition to the motion within eleven (11) days after a copy of the motion is served upon the defendant.  A failure by the defendant to file a timely response to an opposing party's motion may result in the motion being granted if there is no opposition on file.  Defendant is advised that the filing of a motion requesting appointment of counsel will <u>not</u> excuse a failure by defendant to either timely respond to an opposing party's motion or comply with defendant's obligations under the Federal Rules of Civil Procedure, the Local Rules or this Court, and the Orders of this Court.

Defendant is further advised to immediately notify the Clerk <u>and</u> other parties' counsel in writing of any change in his address.  Defendant shall caption any such change of address advisories as "notice to the Court of Change of Address" and not include any motions or other matters in such notice.  This notice shall contain only information pertaining to the address change and the effective date of such change of address.  Failure by defendant Zirus to

immediately notify the Clerk and counsel for all parties of any change in his mailing address will be interpreted by the Court as a failure to defend and may result in the Court recommending dismissal of defendant's remaining pending motions.

With respect to the motion to reconsider, defendant argues that exceptional circumstances in this case – including what he labels as the complexities of this civil case, his I ndigency, the pendency of his criminal appeal, and his foreign status – warrant appointment of counsel. I disagree. As I previously noted, the court has no authority to appoint counsel for a defendant in a civil case. There are no funds available to reimburse counsel for representation of an indigent defendant in a civil case. The court may request counsel to represent a indigent civil litigant such as this defendant, but only if there are exceptional circumstances present. At this stage of this case, I cannot find that exceptional circumstances warrant appointment of counsel for defendant. Further, none of the arguments advanced by defendant constitute exceptional circumstances.

It is therefore **ORDERED** that the motion to reconsider is **DENIED**.

**SIGNED** on June 6, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE