# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| C.W., INDIVIDUALLY, AND<br>AS NEXT FRIEND OF C.W., A MINOR<br><br>v.<br><br>SCOTT ASH JAMES ZIRUS,<br>CAMP STEWART FOR BOYS, INC.;<br>AND AMERICAN INSTITUTE FOR<br>FOREIGN STUDY, INC. D/B/A CAMP<br>AMERICA | § §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:10-CV-1044-XR |

## ORDER

On this day came on to be considered Defendant Camp Stewart for Boys' motion to dismiss (doc. no. 12); Plaintiff's motion for leave to file a response (doc. no. 21); Camp Stewart's motion in opposition to complaint in intervention filed by J.D. (doc. no. 31); J.D.'s motion for leave to file intervention (doc no. 32); Zirus's motion to dismiss (doc. no. 40); Zirus's motion to dismiss (quash) notice of deposition by written questions (doc. no. 42); Camp Stewart's motion to dismiss amended complaint (doc. no. 58); and Plaintiff's motion to compel discovery (doc. no. 61).

**Background**

Plaintiff alleges that C.W. attended Camp Stewart for Boys for three weeks during July 2009. Plaintiff alleges that a camp counselor, Defendant Scott Zirus sexually assaulted him and other campers.

C.W.'s parent learned of the assault and reported the assault to law enforcement officials. Zirus was arrested, charged with aggravated sexual assault of a child, and pursuant to a plea

1

agreement was sentenced to forty years imprisonment. Zirus is currently incarcerated.

Plaintiff alleges that Camp Stewart hired Zirus through an American Institute for Foreign Study, Inc. (AIFS) program called Camp America. Plaintiff alleges that Camp America is a world-wide organization that screens potential camp counselors from other countries to work in summer camps in Texas and across the United States. Plaintiff alleges that had Defendants conducted a background check of Zirus they would have discovered that he was a pedophile, unsuitable to live and work with children.

By crossing state or interstate lines with intent to engage in sexual acts with children, Plaintiff alleges that Zirus violated 18 U.S.C. § 2241(c), and that this civil action is proper under 18 U.S.C. § 2255(a). Plaintiff also asserts state common law causes of action for battery and intentional infliction of emotional distress against Zirus.

With regard to Defendants Camp Stewart, AIFS and Camp America, Plaintiff asserts a cause of action for negligent hiring, retention, supervision and training. Plaintiff also asserts an intentional infliction of emotional distress claim against these defendants. Further, Plaintiff asserts that Camp Stewart breached its fiduciary duty to C.W. and that AIFS and Camp America aided and abetted this breach.

On July 18, 2011, Plaintiff filed an amended complaint which added additional state law claims (fraud and negligent misrepresentation) against the defendants. On August 3, 2011, Plaintiff filed another amended complaint, which attempted to expand on his fraud and negligent misrepresentation claims.

**Camp Stewart's Motion to Dismiss**

Defendant argues that this court lacks subject matter jurisdiction. It argues that Zirus pled

guilty to crimes under Texas Penal Code §§ 21.11[1] and 21.02[2]. Thus, Defendant argues that Zirus was not indicted or found guilty of violating 18 U.S.C. § 2241(c)[3] and C.W. was not a victim

---

[1](a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
(1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
(2) with intent to arouse or gratify the sexual desire of any person:
(A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
(B) causes the child to expose the child's anus or any part of the child's genitals.

[2](b) A person commits an offense if:
(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.
(c) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:
(1) aggravated kidnaping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;
(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;
(3) sexual assault under Section 22.011;
(4) aggravated sexual assault under Section 22.021;
(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);
(6) sexual performance by a child under Section 43.25;
(7) trafficking of persons under Section 20A.02(a)(7) or (8); and
(8) compelling prostitution under Section 43.05(a)(2).

[3]Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

pursuant to 18 U.S.C. § 2241(c) or 18 U.S.C. § 2255(a)[4]. Alternatively, should the Court find that subject matter jurisdiction exists, Defendant argues that the Court should not exercise its supplemental jurisdiction over the state law claims because they do not arise out of a common nucleus of operative facts. Alternatively, it argues that the Court should decline supplemental jurisdiction because Texas law is unsettled regarding these causes of action. Finally, Defendant argues that the intentional infliction of emotional distress claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because IIED claims are "gap fillers".

Plaintiff responds that Zirus need not have been convicted of violating 18 U.S.C. § 2241(c) to establish a civil cause of action under 18 U.S.C. § 2255(a). Plaintiff argues that Zirus need only have committed the elements of that offense. This Court agrees with Plaintiff's interpretation. *See Cisneros v. Aragon*, 485 F.3d 1226, 1232 (10th Cir. 2007)(assuming that a criminal conviction is not necessary for a defendant to face civil liability under the statute); *Doe v. Schneider*, 667 F.Supp.2d 524, 529-530 (E.D. Pa. 2009)(requiring only that proper predicate statutes to section 2255 are alleged in the complaint, along with supporting facts); *Doe v. Epstein*, 2009 WL 2477304 (S.D. Fla. 2009)(same); *Doe v. Boland*, 2007 WL 4189471 (N.D. Ohio 2007); *Doe v. Liberatore*, 478 F.Supp.2d 742 (M.D. Pa. 2007); *Smith v. Husband*, 376 F.Supp.2d 603 (E.D. Va. 2005).

In this case, Plaintiff has alleged that Zirus was hired by Defendants in Australia. He

---

[4] Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

thereafter traveled to Camp Stewart's facility in Kerr County, Texas where he began his employment and abuse of the children. Plaintiff alleges that Zirus crossed the state lines with the intent to engage in sexual acts with minors under the age of 12. Plaintiff further alleges that by his actions, Zirus violated 18 U.S.C. § 2241(c). Plaintiff alleges that Zirus pled guilty to charges of aggravated sexual assault of a child, sexual contact with a child and continuos sexual abuse of a child younger than 14. Plaintiff has pled the proper predicate statute (section 2241(c)) to section 2255, along with supporting facts. Accordingly, this Court has subject matter jurisdiction.[5]

Defendant also argues that the Court should not exercise its supplemental jurisdiction over the state law claims because they do not arise out of a common nucleus of operative facts. The Court disagrees. Pursuant to 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." All of the state law causes of action are related to the section 2255 claim that they form part of the same case or controversy. *See e.g., Barricks v. Minyard Food Stores, Inc.*, 170 F.3d 184 (5th Cir. 1999).

Defendant further argues that the Court should decline supplemental jurisdiction because Texas law is unsettled regarding the state law causes of action. A district court may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State

---

[5]This Court rejects Defendant's argument that "Plaintiff's bare allegation that Zirus came to Texas with the intent to commit sexual assault is unsupported and inadequate pursuant to *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007)." Evidence collected during the criminal investigation of Zirus revealed he had a laptop computer and digital camera in his possession when he was arrested that contained numerous photographs of child pornography. Further, the Kerr County District Attorney filed a notice of intention to use testimony of extraneous matters in its case against Zirus, including evidence of 10 child sexual assault incidents that occurred between January 1, 2008 and December 31, 2008 in Western Australia.

5

law. See 28 U.S.C. § 1367(c)(1). Although Texas law is still developing regarding Plaintiff's negligent supervision claims in the context of state statutory schemes, this is not a case where the state of Texas has an interest in the administration of its government. Nor does this case touch upon principles of federalism and comity. In the interests of economy, this Court will exercise its supplemental jurisdiction over Plaintiff's state law claims.

Finally, Defendant argues that the intentional infliction of emotional distress claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because IIED claims are "gap fillers." The Texas Supreme Court has held that "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). IIED was intended to be a " 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id.* In construing this argument, the Fifth Circuit has concluded that where a plaintiff could and did bring other tort and statutory claims, there was "no gap to fill." *Wang v. Prudential Ins. Co. of America*, 2011 WL 3821019 (5th Cir. 2011)(*citing Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) ("Even if other remedies do not explicitly preempt the tort [of IIED], their availability leaves no gap to fill.")). In this case, Plaintiff has available other theories of redress (section 2255). Accordingly, pursuant to *Wang*, dismissal of the IIED claim is mandated.

Plaintiff's motion for leave to file a response (doc. no. 21) is dismissed as moot.

**Camp Stewart's motion in opposition to complaint in intervention (doc. no. 31)**

On May 11, 2011, J.D., as next friend of B.D. filed a complaint in intervention. This

6

complaint raises the same allegations and causes of action against all of the defendants on behalf of another child who was molested. Camp Stewart opposes this intervention arguing that J.D. must file an independent lawsuit, not an intervention. J.D. has done so. See SA-11-CV-659. At the hearing held today, J.D. notified the Court that it had filed an independent lawsuit and that it withdrew its intervention request. Accordingly, Camp Stewart's motion is dismissed as moot and the intervention is stricken in this case.

### Zirus's motion to dismiss (doc. no. 40)

Zirus has filed a pro se motion to dismiss arguing that he has not been convicted of violating any federal crime, this Court lacks subject matter jurisdiction, violation of the double jeopardy clause, and violation of the United Nations Universal Declaration of Human Rights, articles 7, 10, 11 and 12.

As stated above, Zirus need not be convicted of a federal crime for civil liability to be established under 28 U.S.C. § 2255(a). As further stated above, this Court has subject matter jurisdiction. Zirus's blanket invocation of the United Nations Universal Declaration of Human Rights does not alter this analysis. Zirus's motion to dismiss (doc. no. 40) is denied.

### Zirus's motion to dismiss (quash) notice of deposition by written questions (doc. no. 42)

In this letter, Zirus seeks to quash a notice of deposition by written questions directed to Kerr County. The notice seeks the public records regarding his criminal case. Zirus raises no legitimate grounds to oppose Plaintiff's notice. Zirus's motion to dismiss (quash) notice of deposition by written questions (doc. no. 42) is denied.

### Camp Stewart's motion to dismiss amended complaint (doc. no. 58)

Camp Stewart re-urges the arguments previously advanced in its original motion to dismiss.

With regard to the new causes of action raised in the amended complaint (fraud and negligent misrepresentation), Camp Stewart argues that the fraud and negligent misrepresentation claims are not pled with particularity in accordance with Fed. R. Civ. P. 9(b).

In Plaintiff's August, 2011 complaint, he states the following with regard to the fraud and negligent misrepresentation claims:

> Defendant Camp Stewart for Boys made false representations about the safety of its camp, the quality of its counselors and the camp's efforts to check out those counselors prior to employment. Camp Stewart for Boys represented that it thoroughly checks counselor's backgrounds prior to employment. This representation was false when made and was made knowing parents would actually rely on it when deciding to entrust their son's safety to Defendant.... Defendant Camp Stewart for Boys negligently represented the nature of its efforts to check out counselors prior to employment. The Defendant represented that counselors were required to provide at least three references before they were employed. These representations included the statement 'We must have at least 3 references on hand before (sic) can make you a job offer.' Defendant Camp Stewart for Boys has never produced any references it obtained for Zirus. The only records produced show only one reference was ever obtained. Defendant negligently misrepresented to parents that their children would be protected by diligent efforts to investigate counselor's backgrounds. C.W. and C.W. suffered damages as a result of this negligent misrepresentation.

Pleading fraud with particularity in the Fifth Circuit requires "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Defendant's motion to dismiss the fraud and negligent misrepresentation claims for failure to comply with Fed. R. Civ. P. 9(b) is granted. The remainder of the motion is denied. Plaintiff, however, is granted leave to file an amended complaint to address the defects.

### Plaintiff's motion to compel discovery (doc. no. 61)

Plaintiff argues that Camp America disclosed in its Rule 26 disclosures that it had a file on Zirus, but that it refuses to produce a copy of such file. Camp America has not filed any response.

The motion is granted. Camp America is ordered to produce a copy of all documents identified in its initial disclosures.

**Conclusion**

Defendant Camp Stewart for Boys' motion to dismiss (doc. no. 12) is granted in part and denied in part. Plaintiff's IIED claim against Camp Stewart is dismissed. Otherwise, the motion is denied. Plaintiff's motion for leave to file a response (doc. no. 21) is dismissed as moot. Camp Stewart's motion in opposition to complaint in intervention (doc. no. 31) is dismissed as moot. J.D.'s intervention (doc. no. 27) is stricken in this case. J.D.'s motion for leave to file intervention (doc no. 32) is dismissed as moot. Zirus's motion to dismiss (doc. no. 40) is denied. Zirus's motion to dismiss (quash) notice of deposition by written questions (doc. no. 42) is denied. Camp Stewart's motion to dismiss amended complaint (doc. no. 58) is granted in part and denied in part. Defendant's motion to dismiss the fraud and negligent misrepresentation claims for failure to comply with Fed. R. Civ. P. 9(b) is granted. The remainder of the motion is denied. Plaintiff, however, is granted leave to file an amended complaint to address the defects. Plaintiff's motion to compel discovery (doc. no. 61) is granted. Camp America is ordered to produce a copy of all documents identified in its initial disclosures.

It is so ORDERED.

SIGNED this 28th day of September, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE