UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| C.W., as Next Friend of <br> C.W., a Minor, <br> <br> Plaintiff, <br> v. <br> <br> SCOTT ASH JAMES ZIRUS, <br> CAMP STEWART FOR BOYS, INC., <br> AMERICAN INSTITUTE FOR FOREIGN <br> STUDY, INC., d/b/a CAMP AMERICA, <br> <br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. <br> <br> SA-10-CV-1044 OG (NN) |

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND TO WITHDRAW
PREVIOUSLY FILED RESPONSES TO INTERROGATORIES (docket entry 80)**

The matter before the Court is defendant Scott Ash James Zirus's motion to withdraw previously filed responses to interrogatories as supplemented, plaintiff's response and defendant's reply (docket entries 80, 81, 82, and 88). This matter was referred to me for determination by Order of November 16, 2011.

Defendant Zirus responded to interrogatories propounded by plaintiff before he was appointed counsel. Defendant now, through court-appointed counsel, asks that those responses be withdrawn because defendant was acting pro se when he submitted his responses, and he was not instructed on how to claim or assert a privilege. Plaintiff responds to the motion arguing that defendant has claimed to be a jailhouse lawyer and should be presumed to have understood his rights to assert objections.

Neither party has addressed the authority of the court to authorize or approve the attempted withdrawal or retraction of interrogatory responses. Federal Rule of Civil Procedure 26(c)(1) authorizes the court, for good cause, to issue an order to protect a party from

"annoyance, embarrassment, oppression, or undue burden or expense." Federal Rule of Civil Procedure 1 provides that the rules should be construed to "secure the just...determination of every action and proceeding."

Defendant responded to the interrogatories while acting pro se. The fact that he might have held himself out to other prisoners as a jailhouse lawyer with expertise on grievances, civil rights and prisoners' constitutional rights does not make him an expert on the law of privilege, particularly in the context of this civil action. As plaintiff noted, the interrogatories were properly submitted to defendant: Defendant's motion for appointment of counsel was initially denied and he was appearing without counsel when the interrogatories were served on him. Nevertheless, I conclude that the interests of justice warrant granting the request to withdraw the responses filed by defendant pro se.

Because the subject interrogatories were propounded by plaintiff on September 19 -- before appointment of counsel for defendant -- and assuming significant other discovery has taken place since September, plaintiff will be permitted to revise her interrogatories and submit those to defendant for responses. The parties are reminded that the discovery deadline expires on July 27, 2012.

It is therefore ORDERED that defendant's motion for protective order and to withdraw is GRANTED.

**SIGNED** on January 20, 2012.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE