# In the United States District Court
## for the
## Western District of Texas

| | |
|---|---|
| C.W., et. al. | § |
| | § |
| v. | § |
| | §    SA-10-CV/1044-XR |
| Scott Ash James Zirus, et. al. | § |

## ORDER

On this day came on to be considered Zirus's motion for partial summary judgment. The motion is denied.

## Background

Plaintiffs, minor boys, allege that they attended Camp Stewart for Boys during Summer 2009. Plaintiffs allege that a camp counselor, Defendant Scott Zirus, sexually assaulted them.

Parents learned of the assault and reported the assault to law enforcement officials. Zirus was arrested, charged with aggravated sexual assault of a child, and pursuant to a plea agreement was sentenced to forty years imprisonment. Zirus is currently incarcerated.

Plaintiffs allege that Camp Stewart hired Zirus through an American Institute for Foreign Study, Inc. (AIFS) program called Camp America. Plaintiffs allege that Camp America is a world-wide organization that screens potential camp counselors from other countries to work in summer camps in Texas and across the United States. Plaintiffs allege that had Defendants conducted a proper background check of Zirus, they would have discovered that he was a pedophile, unsuitable to live and work with children.

By crossing state or interstate lines with intent to engage in sexual acts with children, Plaintiffs allege that Zirus violated 18 U.S.C. § 2241(c), and that this civil action is proper under

18 U.S.C. § 2255(a). Plaintiffs also assert state common law causes of action for battery and intentional infliction of emotional distress against Zirus.

### Zirus's motion for partial summary judgment

Zirus argues that he is entitled to summary judgment on the 18 U.S.C. § 2255(a) claim, as a matter of law, because: (1) there is no evidence that he committed a "sexual act" as that term is defined in section 2246; and (2) there is no evidence that he crossed a state line with the intent to engage in a sexual act with a minor under the age of 12.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Federal*

*Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621.

## Analysis

18 U.S.C. § 2255(a) states:

Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation … may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2241(c):

Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years …, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life….

The term "sexual act" is defined in 18 U.S.C. § 2246(2) as follows:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

A. A material fact issue exists whether Zirus committed a "sexual act" as that term is defined in section 2246.

Zirus argues that the only evidence in this case is that he may have touched the boys through their clothing, and that does not meet the definition of a sexual act as defined in section 2246.

Records, however, from the Kerr County Sheriff's Office and Dr. Alexandria H. Doyle indicate that Zirus touched the boys' penises and buttocks on various occasions.[1] While some of the statements are ambiguous as to whether the touching was done through the boy's clothing, other statements reference a direct touching by Zirus. Further, a written statement given by Zirus to the Kerr County Sheriff's office acknowledges that he was touching the boy's stomach areas with his hand. The statement appears to suggest that while Zirus was rubbing the boys' stomach areas, his elbow was then touching the boys' penises. The Court acknowledges that in Zirus's video statement, however, he claims that the touching was done through their clothing. In addition, the Court acknowledges that one of Dr. Doyle's reports indicate that the touching of B.D. may have been over his clothing. Accordingly, a fact issue exists whether the acts that Zirus engaged in meet the definition of a sexual act as defined in section 2246.

Further, the Court recognizes that Zirus has refused to answer interrogatories in this case and has refused to submit to a deposition, citing his Fifth Amendment rights.

"[W]hile a person may refuse to testify during civil proceedings on the ground that his testimony might incriminate him ... his refusal to testify may be used against him in a civil

---

[1] Zirus pled guilty to an indictment that charged him as follows: On or about the 9th day of June 2009, with the intent to arouse and gratify the sexual desire of Scott Ash James Zirus, intentionally and knowingly engage in sexual contact with Johnny Doe #1 (pseudonym) by causing the hand of Scott Ash James Zirus to touch the male sexual organ of Johnny Doe...." The indictment is not clear whether the touching was done directly or through the clothing.

proceeding." *Farace v. Indep. Fire Ins. Co.*, 699 F.2d 204, 210 (5th Cir. 1983). Thus, although a jury in a criminal case is not permitted to draw adverse inferences based on a defendant's invocation of his Fifth Amendment rights, it is well-settled that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). *See also In re Powers*, 261 Fed. Appx. 719 (5th Cir. 2008).

    B.  A material fact issue exists whether Zirus crossed a state line with the intent to engage in a sexual act with a minor under the age of 12

In a criminal setting, to secure a conviction for traveling in foreign commerce for the purpose of engaging in sex with a minor, the Government is not required to prove criminal activity was the dominant purpose of interstate travel but, instead, when multiple motives for interstate travel exist, the Government must prove illegal sexual activity was a dominant purpose of the defendant's travel. 18 U.S.C.A. § 2423(b*); U.S. v. Schneider*, 817 F. Supp. 2d 586, (E.D. Pa. 2011).[2] The Fifth Circuit appears to state the standard somewhat differently. *See U.S. v. Bennett*, 258 Fed. Appx. 671 (5th Cir. 2007) ("Count Three, at most, requires that sex be one of the purposes of travel, not the only purpose. *United States v. Garcia–Lopez*, 234 F.3d 217, 220 (5th Cir. 2000). Regardless of what M.C.W. believed Bennett's purpose(s) in transporting her was, and regardless of the weight the jury gave to M.C.W.'s belief, sufficient evidence was put forth at trial for a rational jury to find that one of Bennett's purposes in transporting M.C.W. was to engage in sexual activity with her."). *But see U.S. v. Hitt*, 473 F.3d 146 (5th Cir. 2006) ("To

---

[2] *See also U.S. v. Jeakins,* 126 Fed. Appx. 786 (9th Cir. 2005) (Sufficient evidence supported jury's findings, in prosecution for transporting minor with intent to engage in criminal sexual activity, that one of defendant's dominant purposes in taking victim with him on road for extended periods was to facilitate increased sexual activity with him, and that engaging in illicit sexual activity was a dominant intent behind all of defendant's trips with victim.); *But see U.S. v. Bonty*, 383 F.3d 575 (7th Cir. 2004) (The government need only prove that a significant or compelling purpose of the trip, not the dominant purpose, was to commit aggravated assault to establish that a defendant undertook interstate travel with the intent of committing an aggravated sexual assault.).

prove a Mann Act violation, the government must prove that engaging in illicit sexual activity was 'one of the efficient and compelling purposes of the travel.'").

The purpose of the trip may be established by circumstantial evidence. *See Hitt*, 473 F.3d at 152.

In this case it is uncontroverted that Zirus traveled from Australia to Texas to begin employment at Camp Stewart. In Australia, Zirus acknowledges that he sought counseling because when he saw "young guys" he became aroused. For a period of approximately two years he was seen by a therapist in Australia. Zirus stated to a Kerr County investigator that he did not touch young boys at camps he worked at in Australia, but acknowledged that "it was a little, little less risky here [Texas] because [he would] be going back to Australia pretty soon."

Zirus travelled from Australia to Texas with a Dell computer, three flash drives, two digital cameras, and a wireless PCI card. After he left Camp Stewart, Zirus traveled to San Antonio where he attempted to secure an air flight back to Australia. While in San Antonio, Zirus downloaded fifty images of child pornography.[3] After he was arrested in San Antonio, a forensics review of his Canon Power Shot camera indicated 32 deleted child pornography images. The timestamp on the pictures ranged from 10-10-2008 to 10-11-2008. Accordingly, an inference can be made that Zirus travelled to Texas from Australia with these (active or deleted) images in his possession.

Further, as stated above, Zirus has invoked his Fifth Amendment rights. Given all of the above, the Court concludes that a material fact issue exists regarding whether Zirus crossed into Texas from Australia with the intent to engage in a sexual act with a minor.

---

[3] "On August 18th 2009, while at the Red Roof Inn Motel In San Antonio, I used the internet service of the motel to down load pictures of boys who are around 10 or 12 years of age. The boys did not have clothing on and the penis and anal areas of the boys were exposed."

6

**Conclusion**

Zirus's motion for partial summary judgment (docket no. 123) is denied.

SIGNED this 4th day of September, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE