# In the United States District Court for the Western District of Texas

| | |
|---|---|
| C.W., et. al. | § |
| | § |
| v. | § |
| | §   SA-10-CV-1044-XR |
| Scott Ash James Zirus, et. al. | § |

## ORDER

On this day came on to be considered Zirus's amended motion to exclude confessions (docket no. 207) and Camp Stewart and AIFS's motion to exclude (docket no. 216).

**Background**

Plaintiffs, minor boys, allege that they attended Camp Stewart for Boys during Summer 2009. They allege that Defendant Scott Zirus, a camp counselor, sexually assaulted them.

Plaintiffs' parents learned of the assaults and reported the assaults to law enforcement officials. Zirus was arrested, charged with aggravated sexual assault of a child, and pursuant to a plea agreement was sentenced to forty years imprisonment. Zirus is currently incarcerated.

Zirus argues that the statements he made to the Kerr County Sheriff's Office are inadmissible because after he was arrested he was taken before a magistrate and at that time he requested court appointed counsel. After he was subsequently transported to the Kerr County Sheriff's Office, he was interviewed. During that interview he signed a written waiver of his *Miranda* rights and right to counsel. He thereafter admitted to sexually molesting two children (C.W. and M.W.). During a second session, where he again waived his *Miranda* rights, he admitted to possession of child pornography.

**Zirus's amended motion**

1

Zirus argues that the statements he provided in his underlying criminal proceedings are inadmissible in this civil action. He argues that he invoked a right to counsel prior to the interviews, and thus his waivers were ineffective under *Edwards v. Arizona*, 451 U.S. 477 (1981). He also argues that his waivers were not knowingly, voluntarily and intelligently entered into because of the "misinformation" given him before the magistrate prior to his interviews.[1] In addition, he argues that the waiver forms he signed were ambiguous and thus defective. Finally, he argues that his confession to possession of child pornography is not relevant to this case inasmuch as he downloaded the material after he left Camp Stewart's employ.

Plaintiffs argue that the constitutional protections articulated by Zirus are applicable only in the criminal context. Plaintiffs further argue that the statements are admissible as an opposing party's statement. In addition, Plaintiffs argue that inasmuch as Zirus refused to submit himself to deposition or cross-examination in this case and has invoked his Fifth Amendment rights, they should be allowed to use his previous statements during trial in this civil proceeding.

Finally, Plaintiffs argue that Zirus's confession to possession of child pornography is relevant because it "demonstrates Defendant's habit of inappropriate thoughts and images of children." Plaintiffs, relying upon Fed. R. Evid. 406, argue that evidence of the habit of a person or of the routine of a person is relevant to prove that the conduct of the person on a particular occasion was in conformity with the habit or routine. In addition, Plaintiffs argue that Rule of Evidence 415 allows for evidence of a party's commission of another offense or offenses of sexual assault or child molestation. Plaintiffs, citing *United States v. Moore*, 425 Fed. Appx. 347, 352 (5th Cir. 2011), contend that knowingly possessing child pornography is a similar crime to child molestation. Plaintiffs may seek to prove the Defendant's sexual interest in children by admitting his confession that he possessed child pornography.

---

[1] Zirus argues that, as an Australian citizen, he believed that by requesting court appointed counsel that would be done and that he unknowingly waived his rights when the Kerr County Sheriff's Office interviewed him after his request for appointed counsel was made.

**Analysis**

Statements obtained in violation of rights guaranteed by *Miranda* are not automatically excluded in civil proceedings.  See Admissibility, in Civil Action, of Confession or Admission Which Could Not Be Used Against Party in Criminal Prosecution Because Obtained by Improper Police Methods,43 A.L.R.3d 1375.  This Court makes no ruling whether Zirus's rights were violated under *Miranda* or *Edwards*.

Some cases limit, generally, the applicability of the exclusionary rule to civil actions for forfeiture or to cases characterized as "quasi–criminal."  *See U.S. v. Janis*, 428 U.S. 433, 459-60 (1976) ("We therefore hold that the judicially created exclusionary rule should not be extended to forbid the use in the civil proceeding of one sovereign of evidence seized by a criminal law enforcement agent of another sovereign."); *see also* Admissibility, in Civil Proceeding, of Evidence Obtained Through Unlawful Search and Seizure, 105 ALR 5th 1.  This case is not quasi-criminal in nature, nor is any governmental entity a party in this case.   A number of other jurisdictions, including Texas[2], hold that the exclusionary rule, which requires that illegally obtained evidence cannot be used in a criminal proceeding against the victim of an unlawful search and seizure, does not apply to civil proceedings.  *Id*.

This Court agrees that the statements furnished by Zirus are admissible in this civil proceeding. The Plaintiffs in this case are not responsible for any alleged violations of either *Miranda* or *Edwards*. Further, application of the exclusionary rule for any constitutional violations is inapplicable to those persons other than governmental officers and agents.

Additionally, the statement is admissible because Zirus has caused himself to be unavailable pursuant to Fed. R. Evid.804.

---

[2] *See In Re Strategic Impact Corp.*, 214 S.W.3d 484 (Tex. App. -  Houston [14th Dist.] 2006, orig. proceeding).

In addition, the Court concludes that Zirus's confession to possession of child pornography is relevant and admissible. *See United States v. Wellman*, 2009 WL 159301 at *5 (S.D.W.Va.2009) ("[T]hough possession of child pornography is different from sexual abuse of a child, each involves the exploitation of a child.").

Zirus's amended motion to exclude confessions (docket no. 207) is denied.

### Camp Stewart and AIFS's motion to exclude

These defendants argue that Zirus's confessions/statements should be excluded because they contain hearsay and deny them their constitutional right to confront Zirus.

### Analysis

Plaintiffs seek to admit Zirus's statements as admissions made by a party opponent. *See* Fed. R. Evid. 801(d)(2). However, those admissions may only be used against Zirus. During trial the Court will provide the jury with a limiting instruction that the statements made by Zirus may be considered by the jury as evidence against Zirus, but not against any another defendant. The jury will also be instructed that they may consider such evidence only for the specific limited purposes for which it was admitted. *See* Pattern Civ. Jury Instr. 5th Cir. 2.15 (2009). Otherwise, the Court agrees with Camp Stewart and AIFS's objection that Zirus only provides speculation in responding to the investigator's question regarding what his background check consisted of. The remainder of the questions posed to Zirus, however, primarily addressed what contact he had with the children at camp, what he observed while he was at the camp and his personal history prior to arriving to Texas. Any objections by Defendants to those passages of the statements are overruled. Camp Stewart and AIFS's objections that their constitutional rights to confrontation would be violated are also denied. The Sixth Amendment's right

to confront adverse witnesses is inapplicable to civil cases. *See Leatherwood v. Anna's Linens Co.*, 384 Fed. Appx. 853 (11th Cir. 2010).

Camp Stewart and AIFS's motion to exclude (docket no. 216) is denied in part and granted in part.

## Conclusion

Zirus's amended motion to exclude confessions (docket no. 207) is denied. Camp Stewart and AIFS's motion to exclude (docket no. 216) is denied in part and granted in part.

SIGNED this 4th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE