## In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| C.W., et. al. | § | |
| | § | |
| v. | § | |
| | § | SA-10-CV-1044-XR |
| Scott Ash James Zirus, et. al. | § | |

### ORDER

On this day came on to be considered Camp Stewart and AIFS's motion to exclude videotape interviews of certain children (docket no. 217).

**Background**

Plaintiffs, minor boys, allege that they attended Camp Stewart for Boys during Summer 2009. They allege that Defendant Scott Zirus, a camp counselor, sexually assaulted them.

Plaintiffs' parents learned of the assaults and reported the assaults to law enforcement officials. Zirus was arrested, charged with aggravated sexual assault of a child, and pursuant to a plea agreement was sentenced to forty years imprisonment. Zirus is currently incarcerated.

**Camp Stewart and AIFS's motion to exclude videotape interviews of certain children**

Camp Stewart and AIFS seek to prohibit Plaintiffs from submitting into evidence videotaped interviews taken of Defendants C.W., M.W., B.D. and non-party minor C.S. in 2009 as part of the criminal investigation. These Defendants argue that the videotapes of C.W. and M.W. are not relevant inasmuch as Zirus has already pled guilty to the sexual assault of these two boys. They further assert that as to the issue of damages that the boys have suffered, this testimony can be secured from Plaintiffs' expert witness. With regard to C.S. they argue that this videotape has no relevance to the case. Finally, these

defendants argue that the videotapes are highly inflammatory and prejudicial and should be excluded under Fed. R. Evid. 403.  In their reply brief, they also argue that the interviews are hearsay that do not fall within a hearsay exception.

Plaintiffs respond that although Zirus confessed to assaulting C.W. and M.W., he did not admit to assaulting L.M. and B.D.  Accordingly, Plaintiffs argue that "the interviews are relevant as similar acts concerning sexual assault or child molestation admissible in a civil case under [Fed. R. Evid.] 415 to show that Zirus has committed similar acts."   Plaintiffs further assert that the interviews are relevant to Plaintiffs' fraud and negligence claims against Defendants Camp Stewart and AIFS.  With regard to those claims, however, Plaintiffs' brief focuses only on Zirus's confession, not the boys' interviews.  Plaintiffs also contend that the evidence supports their claim for intentional infliction of emotional distress against Zirus, but that claim has been previously dismissed by the Court.  *See* docket no. 73 and Text Order dated May 10, 2012.

The parties are ordered to submit additional briefing regarding this motion.  First, no party has submitted to the Court the videotapes or transcripts thereof.  The parties should advise the Court under what circumstances and when these videotape interviews were conducted and should brief the Court about the relevance of the interviews specific to the pending claims.  A copy of either the videotapes or transcripts should be provided to the Court for its review.

The Court previously suggested to the parties that the boys not be deposed given their ages (approximately 9 and 10 years old) and possible further psychological trauma.  As noted, however, in the Order denying Zirus's motion for partial summary judgment (Order at docket no. 260), an argument has been advanced that Zirus did not actually touch either the boys' genital area or buttocks, except through their clothing.  The Court has found a fact issue exists on this element.   Zirus's statements to the Kerr County Sheriff's Office and Dr. Doyle's reports are unclear whether the physical contact occurred

2

directly or through the boys' clothing.  This issue implicates whether Zirus violated 18 U.S.C. § 2241(c), which is an element of Plaintiff's claim under 18 U.S.C. § 2255(a).  The parties should advise the Court whether in light of this issue the children should be deposed and whether the boys are competent to testify under Fed. R. Evid. 601.

The Court understands that the boys were interviewed during a Rule 35 examination.  The parties are also directed to brief whether the Defendants' Rule 35 examination was limited to mental anguish damages and whether it could serve as a substitute for either a deposition or live trial testimony.

**Conclusion**

Camp Stewart and AIFS's motion to exclude videotape interviews of certain children (docket no. 217) is taken under advisement.  The parties are ordered to file additional briefing no later than Monday, September 10, 2012.

SIGNED this 4th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE