## In the United States District Court
## for the
## Western District of Texas

| | |
|---|---|
| **C.W., et. al.** § | |
| § | |
| **v.** § | |
| § | **SA-10-CV-1044-XR** |
| **SCOTT ASH JAMES ZIRUS, et. al.** § | |

**ORDER**

On this day came on to be considered Defendant Camp Stewart's motion for a separate and/or bifurcated trial on punitive damages (docket no. 303). Defendant argues that on the basis of Tex. Civ. Prac. & Rem.Code Ann. § 41.009[1] and Fed. R. Civ, P. 42(b), that the court should bifurcate from the trial of this case plaintiffs' claims for punitive damages. Defendant argues that bifurcation will avoid prejudice and jury confusion.

This first trial will proceed with the claims made by Plaintiffs M.W. and C.W. Upon the request of Camp Stewart, the Court bifurcated from this trial the claims of Plaintiffs B.D. and L.M. Nevertheless, Camp Stewart also seeks in this motion to have the punitive damages issue addressed by only one jury at the conclusion of the second trial.

The bifurcation of trial "is primarily procedural in nature and ... federal procedural law controls." *Rosales v. Honda Motor Co.*, 726 F.2d 259, 260 (5th Cir. 1984). Fed.R.Civ.P. 42(b) provides that for "convenience, to avoid prejudice, or to expedite and economize, the court may

---

[1] "(a) On motion by a defendant, the court shall provide for a bifurcated trial under this section. A motion under this subsection shall be made prior to voir dire examination of the jury or at a time specified by a pretrial court order issued under Rule 166, Texas Rules of Civil Procedure.
(b) In an action with more than one defendant, the court shall provide for a bifurcated trial on motion of any defendant.
(c) In the first phase of a bifurcated trial, the trier of fact shall determine:
(1) liability for compensatory and exemplary damages; and
(2) the amount of compensatory damages.
(d) If liability for exemplary damages is established during the first phase of a bifurcated trial, the trier of fact shall, in the second phase of the trial, determine the amount of exemplary damages to be awarded, if any."

order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." The decision to bifurcate the damages and liability portions of a trial under Rule 42(b) is a matter within the sound discretion of the trial court. *See Rosales*, 726 F.2d at 261.

Other courts have held that they are not bound by the Texas law of bifurcation when both federal- and state-law claims are to be tried in the same suit. *See e.g., McCauley v. International Paper Co.*, Civil Action No. 3:92–CV–2379–D, slip op. at 1–2 (N.D.Tex. Nov. 18, 1994) (refusing to bifurcate where plaintiff sought damages on federal as well as state claim), although they have followed Texas law as a matter of discretion where only Texas-law claims were in issue. *See e.g., Allied Serv. Corp. v. WG Warranty & Ins. Serv*., Civil Action No. 3:93–CV–0411–D, slip op. at 2 (N.D.Tex. Mar. 7, 1996).

In the present case the only federal claim is asserted against Defendant Zirus. Only state law claims have been asserted against Camp Stewart. Accordingly, the Court considers whether it should defer to state law.

Plaintiffs oppose the motion arguing it is untimely. Although the motion was filed prior to voir dire examination of the jury, it has been filed after the motion deadlines specified in the court's scheduling order.

Camp Stewart further argues, without support, that "the jury will find it difficult to separate the acts alleged to have been committed by Defendant Scott Zirus from those alleged to have been committed by Camp Stewart." The Court is confident that a jury charge will be drafted that adequately explains the assault claims are being alleged solely against Zirus and that Camp Stewart is being sued for claims of negligent hiring and supervision. In addition, Camp Stewart does not address why predicate introductions to the liability, damages and punitive

damages questions will not overcome any concerns of confusion or prejudice. Further, Defendant does not address considerations of judicial economy. Camp Stewart sought separate trials in this case. The Court granted that request and now Camp Stewart seeks essentially a potential third trial on the issue of punitive damages.

## Conclusion

The motion to bifurcate (docket no. 303) is denied. *See Alaniz v. Zamora-Quezada*, 591 F.3d 761 (5th Cir. 2009) (finding that the district court did not abuse its discretion in denying Zamora's Rule 42(b) motion).

SIGNED this 20th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE